FORMAN v. BERSON.

(Supreme Court, Appellate Term. January 8, 1909.)

JUDGMENT (§ 143*)—DEFAULT JUDGMENT—VACATION.

Defendant's motion to vacate a default judgment in a case involving $5, on the ground that he was unable to appear in court on the return day of the summons because of his wife's illness, was properly denied; it not appearing that the wife's illness required defendant's presence at home, and the record showing that he was actually present when the trial of the cause was directed.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 143.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Ada Forman against Joseph Berson. From an order denying a motion to vacate a default judgment, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Philip Goldfarb, for appellant.
Samuel Manheimer, for respondent.

BISCHOFF, J. On the return day of the summons the defendant appeared by counsel and filed a traverse to the return of service upon him. The court having directed the trial of the cause, the defendant then withdrew, and thereupon, the traverse being overruled, the plaintiff had judgment upon an inquest. Subsequently the defend-

ant moved to have the default opened, alleging his inability to appear in court on the return day of the summons because of the "illness of his wife," which motion was denied. This appeal is from the order denying the motion to open the default.

From the record before us we incline to the belief that the "illness of his wife," alleged as an excuse for his absence at the time when the trial of the cause was directed, was a mere subterfuge, resorted to by the defendant for the purposes only of delay. It nowhere appears that the illness of the defendant's wife was of such a character as reasonably to require his continued presence at her bedside or at his home, and the bad faith of the defendant in presenting the excuse appears from the fact, as shown by the record, that he was actually present when the trial of the cause was directed. The amount involved was but $5, and that fact would ordinarily call for a speedy trial to avoid the loss which would attend delay. The denial of the motion to open the default cannot fairly be said to have resulted from the justice's abuse of discretion, and the order should be affirmed.

Order affirmed, with costs. All concur.